THE ROSEVILLE BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, A CORPORATION, PLAINTIFF-RESPONDENT, v. ARTHUR J. JONES AND ALVINA A. JONES, DEFENDANTS-APPELLANTS.

Argued October 21, 1942—Decided January 22, 1943.

54

For the plaintiff-respondent, *W. Howard Demarest*.

For the defendants-appellants, *Matthew J. Clarke*.

The opinion of the court was delivered by

CASE, J.   The appeal is from a judgment in the Supreme Court entered for the plaintiff following an order by Judge Joseph L. Smith striking the defendants' answer and separate defenses.   The suit was to recover a deficiency remaining upon a bond dated May 13th, 1927, after the foreclosure, in Chancery, of a mortgage bearing the same date collateral to the bond.   The bond and mortgage were reformed December 6th, 1932, by scaling down the debt in accordance with a stipulation then made and recorded.   The final decree in Chancery was entered October 15th, 1940, finding a sum due in such an amount that with taxed costs and accrued interest it came, at the time of the sheriff's sale, to $6,037.86.   The property was struck off to the mortgagee at the price of $100, and the sale was duly confirmed.   The complaint in the law action declared upon the sum of $2,787.86 and contained this paragraph:

"8. Plaintiff admits that the said sum of $100 did not represent the fair market value of the premises so sold at the time of said sale, and says that such fair market value was $3,250, for which sum it gives credit to the defendants in reduction of the amount due to it under said decree, leaving a difference or deficiency in the sum of $2,787.86, which last mentioned sum remains due to plaintiff."

Defendants' answer alleged that the "fair market value" was $6,500 and sought to raise an issue thereon. It contained separate defenses which asserted that inasmuch as the fair market value was $6,500 nothing remained due the plaintiff after the credit thereof, that in view of the true market value the plaintiff had waived the deficiency sum claimed by it, and that because of the establishment of a fair market value in the complaint plaintiff was equitably estopped from recovering any deficiency sum, since the true fair market value was in excess of the amount claimed by the plaintiff as a deficiency. Plaintiff's motion to strike the answer and separate defenses as insufficient in law was granted, and defendants' appeal grounds in the order so directing.

The gist of the appeal is that since the mortgagee, in its complaint, undertook to give a credit for fair market value it brought itself within the application of *R. S.* 2:65-3 and that the defendants were, therefore, within their statutory right in disputing the amount of the deficiency and claiming a credit for true market value in whatever amount that value, ascertained in accordance with the statute, should be.

*R. S.* 2:65-3 is, in essence, the statute passed as chapter 82, *Pamph. L.* 1933 (approved March 29th, 1933). That statute was declared unconstitutional in so far as it purported to restrict or limit a pre-existing right to recover on a bond theretofore given, *Vanderbilt* v. *Brunton Piano Co.,* 111 *N. J. L.* 596; *Alert Building and Loan Association* v. *Bechtold,* 120 *Id.* 397, and the present form of the statute is such that by its terms it applies only to a bond given after March 29th, 1933.

It is admitted by the appellants that except for paragraph 8 of the complaint they would have nothing under the statute; but they strive by the application of the doctrines of waiver and of equitable estoppel to get from the complaint that which they do not get from the statute. It is entirely clear both what the mortgagee had a right to do and what it actually did do. It had a right to sue for a deficiency that consisted of a debt of $6,037.86 less the sale price of $100; and the defendants would have had no defense to that action. What it did was, voluntarily and without consideration, to enter

a credit to the defendants in the amount of what the mortgagee conceded was the fair market value of the property, namely, $3,250, and to proceed toward collecting $2,787.86 rather than $5,937.86. To say that simply because the mortgagee used a phrase "fair market value," which is also used in the statute, it meant to enter into the field of the statutory provisions, *supra,* and to subject itself to a deduction in whatever larger amount the court or a jury might term the fair market value to be is, we think, quite without reason. Waiver has been defined "as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its benefit; or such conduct as warrants an inference of the relinquishment of such right; or the intentional doing of an act inconsistent with claiming it." *McCue* v. *Silcox,* 122 *N. J. L.* 12. We find nothing in the complaint even to suggest that the plaintiff meant, if we may use an awkward collocation of words, to relinquish the benefit of the fact that the statute which defendants seek to evoke did not apply to the instrument sued upon. We discern none of the elements of a waiver.

The rule of estoppel which appellants contend should prevail is that which was stated thus in *Fidelity Union Trust Co.* v. *Chausmer,* 120 *N. J. L.* 208, 213: "The general rule is that a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party." It is manifest that the plaintiff had in no degree succeeded or indeed sought to succeed in maintaining a position in the proceeding from which it endeavored to escape, either to, or not to, the prejudice of the defendants. Its course was entirely consistent and, far from prejudicing the defendants, was, as compared with the permissible procedure, very much to the defendants' advantage. The defendants had not changed their position upon any act or represen-

tation by the plaintiff. The equities were not and are not with the defendants.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, PORTER, COLIE, DEAR, WELLS, HAGUE, THOMPSON, JJ. 9.

*For reversal*—THE CHIEF JUSTICE, DONGES, HEHER, PERSKIE, RAFFERTY, JJ. 5.